UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| BRITTANY SAMANTHA CURRY, | ) | |
| | ) | |
| Curry, | ) | |
| | ) | |
| v. | ) | Case No. 4:21-cv-00079 SRC |
| | ) | |
| WOMEN'S EASTERN RECEPTION DIAGNOSTIC AND CORRECTIONAL CENTER, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**Memorandum and Order**

Self-represented plaintiff Brittany Samantha Curry brings this action under 42 U.S.C. § 1983 for alleged violations of her civil rights and the civil rights of fellow inmates. The matter is now before the Court upon the motion of Curry for leave to proceed *in forma pauperis*, or without prepayment of the required filing fees and costs. Doc. 2. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion and assess an initial partial filing fee of $76.27. *See* 28 U.S.C. § 1915(b)(1). Furthermore, after reviewing the complaint, the Court directs Curry to file an amended complaint in compliance with the instructions provided herein.

**Initial Partial Filing Fee**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly

payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

In support of the instant motion, Curry submitted an inmate account statement showing average monthly deposits of $381.33. The Court finds that Curry has insufficient funds in her prison account to pay the entire fee and will therefore assess an initial partial filing fee of $76.27, which is twenty percent of Curry's average monthly deposit.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed *in forma pauperis* if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory

statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679.  "A claim has facial plausibility when the Curry pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

### The Complaint and Supplements

Curry, an inmate at Women's Eastern Reception Diagnostic Correctional Center ("WERDCC") in Vandalia, Missouri, brings this action under 42 U.S.C. § 1983, alleging violations against WERDCC, a Missouri Department of Corrections facility.  Doc. 1 at 1-2.  Curry describes herself as a "Black masculine Lesbian."  Doc. 1-1 at 12.  She alleges that she has been harassed, targeted, treated cruelly, subjected to racial and homophobic slurs, treated "as a threat," and given "harsher punishment for the same violations as caucasian offenders" by WERDCC staff.  Doc. 1 at 3.  According to Curry, while she has experienced this treatment from 2018-2021, it is also an "ongoing issue" that has been going on "longer for the African American and Lesbian/transgender population." *Id.*

Many of Curry's allegations describe treatment received generally by African American and LGBTQ inmates, and Curry states that she is "filing this as a class action lawsuit." ECF No. 1 at 3.  Curry alleges that "[e]veryday in this institution African American and LGBTQ (white and black) are faced with acute racism and sexism." Doc. 1-1 at 12.  Curry's supplement to the complaint contains documents and grievance records filed by another offender.  Doc. 6 at 2-17.

Curry alleges that WERDCC staff often use racial slurs or make racially related comments toward African American and gay offenders.  Curry makes the same allegations against other inmates.  Curry details occasions when other African American offenders were called racial names

by white offenders. Curry also asserts that she has "witnessed favoritism be shown to Caucasian offenders when they make complaints about Lesbians or African Americans." Doc. 1-1 at 2. Curry alleges white offenders are addressed "in a different manner." *Id.* at 10. Curry also asserts that when African Americans hang out in large groups, they are labeled gang members. *Id.* at 4. However, white offenders are allowed to have visible tattoos, logos, and sayings on their masks and "Id cases" that are symbols of "Neo Nazi," "Aryan Nation," and "White Supremacy." *Id.* at 4, 12.

Curry also complains about the treatment of "lesbian couples," stating that they are harassed, threatened with segregation time, moved to separate wings, and placed in separate housing units. *Id.* at 5. In addition, Curry alleges that complaints of sexual misconduct by a WERDCC staff member are not taken seriously because the staff member is not suspended pending investigation and therefore can still be around other offenders. *Id.* at 5. Curry gives an example of this that involves another inmate but not herself. *Id.*

Finally, Curry complains about the loss of documents and letters which she alleges that she sent out in the mail or submitted to a warden or caseworker and were never received or responded to. Doc. 1-1 at 5-6. Curry asserts that this is retaliation in response to her trying to file a lawsuit. *Id.* at 6.

Curry describes herself as experiencing emotional injuries but states that "[o]thers have had physical harm." Doc. 1 at 3. She states: "African Americans have been placed in segregated living situations . . . Some of these situations have put offenders in imminent danger and has [caused] them serious physical harm." Doc. 1-1 at 3. Curry then provides three examples of other inmates experiencing physical harm. *Id.*

For relief, Curry wants WERDCC to be investigated by an outside source; policy revisions to prevent biased treatment; the creation of a two-person committee for handling race and lesbian/transgender relations; annual staff training on racial and sexual orientation sensitivity; more minorities in high staffing positions; sealing of grievances and complaints against staff to prevent retaliation; and $80,000 in damages. Doc. 1 at 5.

## Discussion

Curry raises serious allegations in her complaint. There is no doubt that prisoners are protected against invidious racial discrimination by the Equal Protection Clause. *See Lee v. Washington*, 390 U.S. 333 (1968). However, the use of racially offensive language does not, without a connection to a physical injury, state a claim of a constitutional right. *See Black Spotted Horse v. Else*, 767 F.2d 516, 517 (8th Cir. 1985) (determining that a correctional officer's discriminatory statements against Native Americans was not, standing alone, sufficient to state a claim).

In this case, the Court cannot grant the relief Curry seeks because this case cannot proceed as a class action and because there are multiple pleading deficiencies in Curry's complaint. Curry, as a self-represented, non-attorney party, cannot bring claims on behalf of others. Curry should file an amended complaint containing only allegations raised on her own behalf and in compliance with the guidance detailed below.

**I.     Legal Deficiencies of the Complaint**

There are multiple problems with Curry's complaint that must be corrected in the filing of an amended complaint for the amended complaint to survive review under 28 U.S.C. § 1915(e)(2)(B), as further explained below. Curry should only bring claims on her own behalf in her amended complaint. Curry should not try to assert claims against fellow inmates under 42 U.S.C. § 1983, because her fellow inmates are not state actors. Any claim by Curry that she has a

right to a specific prison cell will fail. Although Curry has a right to send and receive mail, she must make specific allegations for such a claim to survive review. Finally, Curry cannot assert a claim for compensatory damages without some allegation of physical harm.

Standing is a jurisdictional requirement that can be raised by the court sua sponte at any time during the litigation. *Delorme v. U.S.*, 354 F.3d 810, 815 (8th Cir. 2004). Generally, to satisfy the standing requirement, a plaintiff "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). A non-attorney, self-represented litigant (like Curry) may not represent someone else in federal court. *See* 28 U.S.C. § 1654 (stating that in all United States courts, "the parties may plead and conduct their own cases personally or by counsel"); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) (stating that "because *pro se* means to appear for one's self, a person may not appear on another's behalf in the other's cause. A person must be litigating an interest personal to him."); *Lewis v. Lenc–Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986) (stating that non-lawyers may only represent themselves because "an individual may appear in the federal courts only *pro se* or through counsel").

As such, Curry has no standing to bring claims on behalf of other prisoners. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985) (stating that "[a] prisoner cannot bring claims on behalf of other prisoners"). In other words, Curry must allege a personal loss or injury, and she lacks standing to assert claims regarding the mistreatment of other inmates. *Id.* Therefore, Curry's amended complaint should only contain allegations concerning herself and grievances filed on her own behalf.

In addition, Curry's claims against other offenders are not cognizable under 42 U.S.C. § 1983 because her fellow offenders are not state actors. Section 1983 imposes liability on government actors acting under color of state law. 42 U.S.C. § 1983. To that end, only state actors

can be held liable under § 1983.  *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008); *see also Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties). Nevertheless, a private party may be held liable if he or she is a "willful participant in joint activity with the State or its agents."  *Gibson v. Regions Fin. Corp.*, 557 F.3d 842, 846 (8th Cir. 2009) (internal citation omitted).  In order to state a claim against a private party under § 1983, the plaintiff "must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor."  *Mershon v. Beasley*, 994 F.2d 449, 451 (8th Cir. 1993).  Here, Curry fails to allege facts sufficient to give rise to the inference that any fellow inmate, as a private actor, came to a mutual understanding with any state actors to violate Curry's constitutional rights.

Furthermore, Curry's complaints about lesbian couples being housed separately are not viable § 1983 claims because an inmate has no right to a certain cell or housing assignment. "Among the liberties which prisoners do not enjoy is choice of cells.  Transfer within the prison, or to another prison, is within the discretion of prison officials."  *Lyon v. Farrier*, 727 F.2d 766, 768 (8th Cir. 1984) (internal citations omitted); *see also Allen v. Purkett*, 5 F.3d 1151, 1153 (8th Cir. 1993) (stating that prisoner Currys "had no right . . . to be housed in a certain barrack or housing unit, or with certain inmates").

Curry also alleges that paperwork that she "sign[ed] and dated therefore it was a legal document," has been intentionally misplaced or not sent out by WERDCC staff.  Doc. 1-1 at 5. Curry's claim arises under the First Amendment, which guarantees inmates the right to send and receive mail.  *See Turner v. Safley,* 482 U.S. 78, 86-89 (1987); *Weiler v. Purkett*, 137 F.3d 1047, 1050 (8th Cir. 1998).  As noted above, to state a facially plausible claim, Curry must plead facts that permit the reasonable inference that the defendant is liable for the misconduct alleged.  *Iqbal*,

556 U.S. at 678. Here, Curry alleges the mishandling of her legal mail essentially because she did not receive responses to her correspondence. Docs. 1 at 7; 1-1 at 5-6. However, in one case, there is evidence that she did not submit mail to the warden through the correct mailbox. Doc. 1-1 at 15-16. Overall, Curry's claims are based upon her assumption that every person she sends mail to will send her a written response, and if she does not receive a response, it means that prison officials engaged in misconduct. These allegations are merely speculative and fail to nudge Curry's claims across the line from conceivable to plausible. Curry's allegations, as plead, are not sufficient to state a claim.

Finally, an action pursuant to 42 U.S.C. § 1983 is a tort claim, and a Curry must suffer some actual injury before she can receive compensation. *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). Curry's complaint fails to state an actionable claim under the Prison Litigation Reform Act ("PLRA") for compensatory damages. The PLRA states: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." 42 U.S.C. § 1997e(e); *see also McAdoo v. Martin*, 899 F.3d 521, 525 (8th Cir. 2018) ("We interpret the PLRA to require more than a de minimis physical injury."). Although Curry alleges that other inmates have suffered physical injury, she describes her own injuries as mental or emotional. In addition, Curry's claim of slander and defamation is not actionable here for compensatory damages. *See Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (stating that an inmate cannot recover damages for defamation under § 1983 "because a defamed person has not been deprived of any right, privilege or immunity secured to him by the Federal Constitution or laws of the United States"). Curry's amended complaint must state an actionable claim for compensatory damages if that is the relief she seeks.

## II.       Requirements of Amended Complaint

Because Curry is self-represented and has presented serious allegations to the Court, she will be allowed to amend her complaint in accordance with the instructions set forth below. Curry is warned that the filing of an amended complaint **completely replaces** the original complaint and all supplements, and so it must include all the claims Curry wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Any claims from the original complaint or a supplement, that are not included in the amended complaint, will be deemed abandoned and will not be considered. *Id*. Curry must submit the amended complaint on the court-provided form, and the amended complaint must comply with the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner. *See* Fed. R. Civ. P. 8, 10. Even self-represented litigants are obligated to abide by these Rules. *McNeil v. United States*, 508 U.S. 106, 113 (1993).

In the "Caption" section of the court-provided form, Curry should clearly name every party she is intending to sue. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). If there is not enough room in the caption, Curry may add additional sheets of paper. However, all the defendants must be clearly listed. Curry should fill out the complaint form in its entirety.

In the "Statement of Claim" section, Curry should provide a short and plain statement of the factual allegations supporting her claim. Fed. R. Civ. P. 8(a). Curry should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single

set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

It is important that Curry establish the responsibility of each defendant for harming her. That is, for each defendant, Curry must allege facts showing how that particular defendant's acts or omissions violated her constitutional rights. It is not enough for Curry to make general allegations, or for Curry to make allegations on behalf of other prisoners.

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Curry's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If Curry fails to file an amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court will dismiss this action without prejudice and without further notice to Curry.

**Appointment of Counsel**

Finally, Curry has filed a motion for appointment of counsel. Doc. 3. The appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). Once the plaintiff has alleged a *prima facie* claim, the Court must determine the Curry's need for counsel to effectively litigate her claim. *In re Lane*, 801 F.2d 1040, 1043 (8th Cir. 1986). The standard for appointment of counsel in a civil case is whether both the plaintiff and the Court would benefit from the assistance of counsel. *Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995), *abrogated on other grounds by Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria, including "the factual complexity of the issues, the ability of the indigent person to investigate the

facts, the existence of conflicting testimony, the ability of the indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not warranted at this time. The action appears to involve straightforward questions of fact rather than complex questions of law. Further, the request for counsel is premature, as a defendant has not yet been served, and the Court has not issued any Case Management Order. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to Curry at this time, and will deny Curry's motion for appointment of counsel, without prejudice.

Accordingly, the Court grants Curry's motion to proceed *in forma pauperis*. Curry shall pay an initial filing fee of $76.27 within **thirty (30) days** of the date of this Order. Curry is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

The Court further orders that the Clerk of Court shall mail to Curry a blank copy of the Court's Prisoner Civil Rights Complaint form. The Court orders that, within **thirty (30) days** of the date of this Order, Curry shall file an amended complaint on the Court-provided form and in compliance with the Court's instructions. Upon submission of the amended complaint, the Court shall again review this action pursuant to 28 U.S.C. §1915. Finally, the Court denies Curry's motion for appointment of counsel.

**Curry's failure to timely comply with this Order may result in the dismissal of this action, without prejudice and without further notice.**

So Ordered this 20th day of April, 2021.

*SL R. CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**