## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| BRITTANY SAMANTHA CURRY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cv-00079 SRC |
| ) | |
| WOMEN'S EASTERN RECEPTION, ) | |
| DIAGNOSTIC AND CORRECTIONAL ) | |
| CENTER, et al., ) | |
| ) | |
| Defendants. ) | |

### Memorandum and Order

Self-represented Plaintiff Brittany Samantha Curry brings this action under 42 U.S.C. § 1983 for alleged violations of her civil rights. In April 2021, after review under 28 U.S.C. § 1915, the Court granted Plaintiff *in forma pauperis* status and directed her to file an amended complaint. Since that Order, Plaintiff has filed an amended complaint, three letters to the Court, and supplemental evidence. The Court will construe Plaintiff's [12] Second Pro Se Motion for Court Order, filed on October 18, 2021, as a motion for leave to amend. As leave to amend should be freely given, the Court will grant the motion and direct Plaintiff to file a second amended complaint within thirty (30) days. Because Curry's second amended complaint will also be subject to review under 28 U.S.C. § 1915, the Court will provide Curry with some instructions to follow in the filing of her second amended complaint.

### Background

Curry, an inmate at Women's Eastern Reception, Diagnostic and Correctional Center ("WERDCC") in Vandalia, Missouri, brings this action under 42 U.S.C. § 1983. In her initial complaint, Curry named just one defendant: WERDCC, a Missouri Department of Corrections

facility.  Doc. 1 at pp. 1-2.  Curry described herself as a "Black masculine Lesbian" and alleged that she has been harassed, targeted, treated cruelly, subjected to racial and homophobic slurs, treated "as a threat," and given "harsher punishment for the same violations as caucasian offenders" by WERDCC staff.  Doc. 1-1 at p. 12, 1 at p. 3.  According to Curry, these were "ongoing issue[s]" for the "African American and Lesbian/transgender population" at WERDCC.  Doc. 1 at p. 3.

Curry sought to file this suit as a class action and many of the allegations in her initial complaint described treatment received generally by African-American and LGBTQ inmates.  Curry complained about the use of racial slurs and racially-related comments by WERDCC staff and by fellow inmates, favoritism shown to Caucasian inmates, unfair treatment of lesbian couples, and the alleged loss of documents and letters that Curry sent out through the WERDCC mail system.  Docs. 1, 1-1.

On April 20, 2021, the Court reviewed Curry's initial complaint under 28 U.S.C. § 1915(e)(2) and found multiple pleading deficiencies.  Doc. 7.  The Court explained that the case could not proceed as a class action because Curry (as a self-represented, non-attorney party) does not have standing to bring claims on behalf of other inmates.  *Id.* at pp. 5-6.  The Court also discussed how the use of racially-offensive language, without a connection to a physical injury, does not state a claim of a violation of a constitutional right.  Also, an inmate has no right to a certain prison cell or housing assignment.  *Id.* at pp. 5, 7.  Finally, the Court described how an action under 42 U.S.C. § 1983 is a tort action that requires some physical injury for compensation under the Prison Litigation Reform Act ("PLRA").  *Id.* at p. 8.  Given the serious nature of the allegations and because Curry is self-represented, the Court directed Curry to file an amended complaint and guided Curry in an attempt to cure her pleading deficiencies.

Curry filed an amended complaint on May 25, 2021.  Doc. 8.  Since then, Curry has filed three letters with the Court—two of which seek relief from the Court—and supplemental grievance documents.  Docs. 10-13.

### Pro Se Motions Seeking Relief (Docs. 10 & 12)

On September 24, 2021, the Court received a letter from Curry stating that because she was in administrative segregation, she had been unable to send her "most recent complaints/evidence."  Doc. 10 at p. 1.  Curry requests a "legal document" that states that her "paperwork has to be turned in as soon as possible."  *Id.*  She "would like to update [her] claims in the correct legal format" and she notes that her "last complaint is on the way to the last stage of [her] institutional complaint steps."  *Id.*

About a month later, Curry sent another letter to the Court in which she states that she wants to "add several officers to [her] case as defendants."  Doc. 12 at p. 1.  Curry then provides a list of fourteen officers and administrative staff.  She does not provide any specific allegations against any of the additional defendants.

### Motion for Leave to Amend

Curry is cautioned that the Court's Local Rules do not permit parties to communicate with the Court by informal letters.  Parties may only address the Court through motions and memoranda, unless otherwise directed by the Court.  *See* E.D. Mo. Local Rule 4.04(A).  However, given that Curry is self-represented, the Court will construe her second letter, which specifically requests to add named defendants to this matter, as a motion for leave to amend.  Because Curry's first letter seems to request the same relief as the second, but with less specificity, it will be denied as moot.

Rule 15 of the Federal Rules of Civil Procedure states that "[t]he court should freely give leave [to amend] when justice so requires." As such, Curry's motion for leave to amend will be granted and she may file an amended complaint that includes all changes—including any additional defendants and claims—that she wants to make. The Court will direct the Clerk of Court to send Curry a blank form complaint so that she may file a second amended complaint.

### Requirements for the Second Amended Complaint

The Court reminds Curry that filing a second amended complaint completely replaces the original complaint, the first amended complaint, and all supplements, and so it must include all the claims Curry wishes to bring. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect."). Any claims—from the original complaint, the first amended complaint, or a supplement—that are not included in the second amended complaint will be deemed abandoned and will not be considered. *Id.* Curry must submit the second amended complaint on the court-provided form, and the second amended complaint must comply with the Federal Rules of Civil Procedure.

The Court also reminds Curry that the Prison Litigation Reform Act (PLRA) provides that a prisoner cannot bring an action under 42 U.S.C. § 1983 without first exhausting available administrative remedies. *See* 42 U.S.C. § 1997e(a). Under the PLRA, exhaustion is mandatory and is a prerequisite to bringing a federal suit. *Porter v. Nussle*, 534 U.S. 516, 524 (2002). This is true regardless of the relief offered by administrative procedures. *Booth v. Churner*, 532 U.S. 731, 741 (2001). Moreover, the exhaustion requirement requires proper exhaustion, which entails completion of the administrative review process in accordance with applicable procedural rules, including deadlines. *Woodford v. Ngo*, 548 U.S. 81, 93-103 (2006). When multiple prison

condition claims have been joined, all available prison grievance remedies must be exhausted as to all the claims. *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000). Because of this exhaustion requirement, Curry should not bring claims in her second amended complaint that are still being reviewed through the institutional grievance process.

Furthermore, Curry is not required to provide evidence in support of her claims at this stage of the proceeding. Curry's second amended complaint need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a plaintiff need not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555.

Finally, Curry must comply with the Federal Rules of Civil Procedure in the filing of her second amended complaint, as even self-represented litigants are obligated to abide by them. *See McNeil v. United States*, 508 U.S. 106, 113 (1993). The Federal Rules require litigants to formulate their pleadings in an organized and comprehensible manner, setting out their alleged claims and the facts supporting those claims as to each defendant in a simple, concise, and direct manner. *See* Fed. R. Civ. P. 8, 10. The second amended complaint should only include claims that arise "out of the same transaction, occurrence, or series of transactions or occurrences." In other words, Curry should only include claims that are related to each other. Fed. R. Civ. P. 20(a)(2).

In the "Caption" section of the court-provided form, Curry should clearly name every party she is intending to sue. Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the

parties"). If there is not enough room in the caption, Curry may add additional sheets of paper. However, all the defendants must be clearly listed. Curry should fill out the complaint form in its entirety.

In the "Statement of Claim" section, Curry should provide a short and plain statement of the factual allegations supporting her claim. Fed. R. Civ. P. 8(a). Curry should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678).

It is important that Curry establish the responsibility of each defendant for harming her. That is, for each defendant, Curry must allege facts showing how that particular defendant's acts or omissions violated her constitutional rights. It is not enough for Curry to make general allegations, or for Curry to make allegations on behalf of other prisoners. Rather, Curry needs to provide the role of each named defendant in this case, in order that each specific defendant can receive notice of what he or she is accused of doing. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (citation omitted) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

## Conclusion

The Court construes Doc. 12 as a motion for leave to amend. The Court grants the motion and orders the Clerk of Court to mail Curry a blank copy of the Court's Prisoner Civil Rights Complaint form. The Court denies Curry's other letter seeking relief, Doc. 10, as moot.

The Court orders that, within thirty (30) days of the date of this Order, Curry shall file a second amended complaint on the Court-provided form and in compliance with the Court's instructions. If Curry fails to file a second amended complaint on a Court-provided form within thirty days in accordance with the instructions set forth herein, the Court may dismiss this action without prejudice and without further notice to Curry. Upon submission of the second amended complaint, the Court will again review this action pursuant to 28 U.S.C. § 1915.

Dated this 21st day of October, 2021.

*SL R. CR*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**